UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONIA WASHINGTON,<br><br>   Plaintiff,<br><br>   v.<br><br>FRESNO COUNTY SHERIFF; and FRESNO COUNTY JAIL,<br><br>   Defendants. | Case No. 1:15-cv-00854-LJO-GSA<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL WITHOUT LEAVE TO AMEND**<br><br>**(ECF No. 1)** |

**I.   INTRODUCTION**

Plaintiff Anthonia Washington ("Plaintiff"), appearing *pro se*, filed a Complaint (the "Complaint") on June 5, 2015. (ECF No. 1.) The Complaint alleges a violation of 42 U.S.C. § 1983 against the Fresno County Jail and Sheriff ("Defendants"), who are currently holding Plaintiff's brother, Perry Washington. *Id*. This Complaint follows the dismissal of Plaintiff from *Perry Washington et al. v. Fresno County Sheriff*, Case No. 1:14-cv-00129-AWI-SAB, in which Plaintiff was a party (along with Perry Washington) asserting, among other claims, a substantially similar claim against the same Defendants. Case No. 1:14-cv-00129-AWI-SAB is currently pending and proceeding without Plaintiff. The Court has screened the Plaintiff's most recent Complaint and recommends that it be DISMISSED WITHOUT LEAVE TO AMEND.

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

///

### III. PLAINTIFF'S ALLEGATIONS

The Complaint concerns Plaintiff's attempts to assist her brother, Perry Washington, in his currently pending case in federal court. Plaintiff alleges that she is assisting Mr. Washington in challenging the conditions of his confinement. According to the Complaint, officials at the Fresno County Jail have interfered with the delivery of "US Mail between Perry Washington and the US District Court." Jail officials have also threatened and/or abused Mr. Washington to the point that he is afraid to leave his cell. As a result, Plaintiff has been unable to visit Mr. Washington in jail during scheduled visitation hours. Because of this, Plaintiff alleges that Mr. Washington has been unable to sign legal documents that were prepared by Plaintiff. Plaintiff concludes that, without injunctive relief, Mr. Washington "will be forever denied his right to due process." (Complaint, Exh. B, ECF No. 1.) She also alleges that she has invested large amounts of "cash and time" into the case because of Defendants' actions. (Complaint 2.)

Plaintiff's previous complaint, in Case No. 1:14-cv-00129-AWI-SAB, similarly alleged that Defendant Fresno County Sheriff had infringed upon Mr. Washington's due process rights by preventing him from receiving documents "to sue Fresno County while in jail in a in pro per case." (First Amended Complaint, Case No. 1:14-cv-00129-AWI-SAB, ECF No. 27.) Plaintiff was dismissed from that case on the grounds that she did not enjoy third party standing to bring claims on behalf of Perry Washington. (Order Dismissing Anthonia Washington as a Plaintiff, Case No. 1:14-cv-00129-AWI-SAB, ECF No. 43.)

### IV. DISCUSSION

As an initial matter, Plaintiff does not have standing to pursue a claim for a deprivation of Mr. Washington's due process rights. Standing examines whether a particular plaintiff has a "sufficiently concrete interest in the outcome of their suit to make it a case or controversy subject to a federal court's Art. III jurisdiction" and "as a prudential matter, the plaintiff-respondents are

proper proponents of the particular legal rights on which they base their suit." *Singleton v. Wulff*, 428 U.S. 106, 112 (1976). Courts "must hesitate before resolving a controversy, even one within their constitutional power to resolve, on the basis of the rights of third persons not parties to the litigation." *Id.* at 113 ("third parties themselves usually will be the best proponents of their own rights").

As Plaintiff was informed in her prior case, a plaintiff may only seek relief for third persons if: (1) the plaintiff suffered an injury in fact; (2) there is a close relationship between the plaintiff and the individual who possesses the right that the litigant is asserting; and (3) there is a hindrance to the third party's ability to assert his own rights. *Coalition of Clergy, Lawyers, and Professionals v. Bush*, 310 F.3d 1153, 1163 (9th Cir. 2002) ("a litigant may assert only his own legal rights and interests and cannot rest a claim to relief on the legal rights or interests of third parties").

Even assuming Plaintiff has suffered an injury in fact here, she cannot establish that she enjoyed the kind of "close relationship" to Mr. Washington that third party standing requires. A close relationship requires that the interests of the litigant "coincide with those" of the third party "and are equally as intense." *Wauchope v. U.S. Dep't of State*, 985 F.2d 1407, 1411 (9th Cir. 1993). Thus, a legal relationship (such as one that implies a legal duty) may be sufficient, while a familial relationship may not. *See, e.g., Griswold v. Connecticut*, 381 U.S. 479 (1965) (doctor-patient relationship sufficiently close to justify third party standing); *McCollum v. Cal. Dep't of Corrs. & Rehab.*, 647 F.3d 870, 879 (9th Cir. 2011) ("the relationship between a prison chaplain and an inmate to whom he ministers has the requisite degree of closeness to allow for third party standing"); *Peoples v. Davis*, No. CV 06-7366-JVS (AGR), 2008 WL 4189672, at *7 (C.D. Cal. Aug. 8, 2008) (no third party standing where plaintiff sued prison officials for endangering plaintiff's family members).

While Plaintiff may be assisting Mr. Washington with his pending litigation, she is not his lawyer and cannot represent his interests in court. *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). Nor has she otherwise demonstrated the requisite close relationship to establish third party standing. In fact, the Complaint identifies two separate interests in the case between Plaintiff and Mr. Washington: while the alleged damage to Mr. Washington is an infringement on his due process rights, the alleged damage to Plaintiff is the "investment in cash and time" she has lost to assist Mr. Washington in his case.

Mr. Washington has also not been hindered in exercising his own rights. *McCollum*, 647 F.3d at 279 ("the inmates are able to assert their own rights and . . . McCollum fails the essential third requirement for standing—a showing that the rights holders are impeded from asserting their own claims"). Indeed, Plaintiff was dismissed from the litigation in *Perry Washington et al. v. Fresno County Sheriff*, Case No. 1:14-cv-00129-AWI-SAB, on September 24, 2014. Despite this, Mr. Washington appears to have filed no less than eight motions or requests for the court to consider since that date, as well as effected service of an amended complaint on defendants (with the assistance of the United States Marshal). Mr. Washington thus appears able to assert his own rights, precluding a finding of third party standing for Plaintiff to pursue claims on his behalf.[1]

Leave to amend cannot cure this deficiency—the failure in the Complaint is not in the facts alleged; it is in the choice of Plaintiff to pursue the asserted rights. Should Mr. Washington experience problems with the conditions of his confinement, he must be the party that challenges

---

[1] To the extent that Plaintiff alleges a constitutional violation as a result of her own inability to visit Mr. Washington (and she does not appear to allege any such violation—the allegations center only on the asserted inability of Mr. Washington to prosecute his pending case), the Complaint fails to plausibly allege a claim. **First**, the Complaint alleges that Mr. Washington is unavailable to receive visitors because he is unwilling to leave his cell, not because the Defendants have denied him visitors. Mr. Washington is thus the actor preventing the visits from occurring, not Defendants. **Second**, Plaintiff does not possess a constitutional right to visit Mr. Washington and thus cannot state a claim under § 1983. *Egberto v. McDaniel*, No. 3:08-cv-00312-HDM-VPC, 2011 WL 1233358, at *6 (D. Nev. March 28, 2011) ("Spouses and family members of prisoners do not have rights or privileges to visitation distinct from those of the inmate to which they are married or related"); *Hill v. Wash. State Dep't of Corrs.*, 628 F.Supp.2d 1250, 1262 (W.D. Wash. 2009) ("Neither prisoners nor visitors have a constitutional right to prison visitation").

those conditions (as he apparently has done in his pending case). There is no amendment to the Complaint that can remedy these deficiencies.

## V.     RECOMMENDATION

For the reasons set forth above, the Court finds that the Complaint fails to state a claim under 28 U.S.C. § 1915(e)(2). Accordingly, it is recommended that the Complaint be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the District Judge assigned to this case pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 24, 2015**                             **/s/ Gary S. Austin**
                                                                     UNITED STATES MAGISTRATE JUDGE

6